**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq.
609 W. South Orange Avenue, Suite 2P
South Orange, NJ 07079
Tel: (973) 313-1887
Fax: (973) 833-0399
Email: lrosen@rosenlegal.com

Counsel for Plaintiff

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHARLES DAVIS, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KATANGA MINING LIMITED, JOHNNY BLIZZARD, JACQUES LUBBE, and MATTHEW COLWILL,<br><br>Defendants. | Case No. 17-cv-12188<br><br>**CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Charles Davis ("Plaintiff"), individually and on behalf of all other persons similarly situated, by Plaintiff's undersigned attorneys, for Plaintiff's complaint against Defendants (defined below), alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through Plaintiff's attorneys, which included, among other things, a review of the Defendants' public documents, conference calls and announcements made by Defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding Katanga Mining Limited ("Katanga" or the "Company"), analysts' reports and advisories about the Company, and information readily obtainable on the Internet. Plaintiff believes that substantial evidentiary

1

support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1. This is a federal securities class action on behalf of a class consisting of all persons and entities other than Defendants who purchased or otherwise acquired the publicly traded securities of Katanga from February 11, 2016 through November 19, 2017, both dates inclusive (the "Class Period"). Plaintiff seeks to recover compensable damages caused by Defendants' violations of the federal securities laws and to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder.

## JURISDICTION AND VENUE

2. The claims asserted herein arise under and pursuant to §§10(b) and 20(a) of the Exchange Act (15 U.S.C. §§78j(b) and §78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. §240.10b-5).

3. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §1331 and §27 of the Exchange Act.

4. Venue is proper in this judicial district pursuant to §27 of the Exchange Act (15 U.S.C. §78aa) and 28 U.S.C. §1391(b) as a significant portion of Defendants' actions and subsequent damages took place within this judicial district.

5. In connection with the acts, conduct and other wrongs alleged in this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mail, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

6. Plaintiff, as set forth in the accompanying Certification, purchased the Company's securities at artificially inflated prices during the Class Period and was damaged upon the revelation of the alleged corrective disclosure.

7. Defendant Katanga through its subsidiary, Kamoto Copper Company SA, engages in the copper and cobalt mining and related activities in the Democratic Republic of Congo. The Company is incorporated in Bermuda and its head office is located at Baarermattstrasse 3, 6340 Baar, Switzerland. The Company's securities are traded on OTC ("OTC") under the ticker symbol "KATFF."

8. Defendant Johnny Blizzard ("Blizzard") has been the Company's Chief Executive Officer since February 2015.

9. Defendant Matthew Colwill ("Colwill") was the Company's Chief Financial Office from February 2015 until his resignation in September 2016.

10. Defendant Jacques Lubbe ("Lubbe") has been the Company's Chief Financial Officer since October 2016.

11. Defendants Blizzard, Colwill and Lubbe are sometimes referred to herein as the "Individual Defendants."

12. Each of the Individual Defendants:

(a) directly participated in the management of the Company;

(b) was directly involved in the day-to-day operations of the Company at the highest levels;

(c) was privy to confidential proprietary information concerning the Company and its business and operations;

(d) was directly or indirectly involved in drafting, producing, reviewing and/or disseminating the false and misleading statements and information alleged herein;

(e) was directly or indirectly involved in the oversight or implementation of the Company's internal controls;

(f) was aware of or recklessly disregarded the fact that the false and misleading statements were being issued concerning the Company; and/or

(g) approved or ratified these statements in violation of the federal securities laws.

13. The Company is liable for the acts of the Individual Defendants and its employees under the doctrine of *respondeat superior* and common law principles of agency because all of the wrongful acts complained of herein were carried out within the scope of their employment.

14. The scienter of the Individual Defendants and other employees and agents of the Company is similarly imputed to the Company under *respondeat superior* and agency principles.

15. The Company and the Individual Defendants are referred to herein, collectively, as the "Defendants."

## SUBSTANTIVE ALLEGATIONS

### Materially False and Misleading Statements

16. On February 11, 2016, the Company released its consolidated financial statements as at and for the years ended December 31, 2015 and 2014, which was signed by Defendants Blizzard and Colwill and stated the following regarding internal control over the financial reporting process:

> Management has established a system of internal control over the financial reporting process, which is designed to provide reasonable assurance that relevant and reliable information is produced.

17. On February 8, 2017, the Company released its consolidated financial statements as at and for the years ended December 31, 2016 and 2015, which was signed by Defendants

4

Blizzard and Colwill and stated the following regarding internal control over the financial reporting process:

> Management has established a system of internal control over the financial reporting process, which is designed to provide reasonable assurance that relevant and reliable information is produced.

18.     The statements referenced in ¶¶ 16-17 above were materially false and/or misleading because they misrepresented and failed to disclose the following adverse facts pertaining to the Company's business, operational and financial results, which were known to Defendants or recklessly disregarded by them. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) the Company engaged in improper accounting practices; (2) there were material weaknesses in the Company's internal control over financial reporting; and (3) as a result, the Company's public statements were materially false and misleading at all relevant times.

### The Truth Emerges

19.     On November 20, 2017, the Company issued a press release announcing the completion of the restatement of certain financial statements, stating in part:

> **BACKGROUND OF THE REVIEW**
>
> Following the end of the second quarter of fiscal 2017, in the course of the OSC Investigation, information drawing into question the appropriateness of certain of the Company's accounting practices came to the attention of the independent directors of the Company. This information led the Board of Directors (the "Board") of the Company to request the independent directors of the Board, being Robert G. Wardell, Terry Robinson and Hugh Stoyell (the "Independent Directors"), to conduct a review of these practices. At the direction of the Independent Directors, an internal review (the "Review") was undertaken. The Independent Directors engaged Canadian legal counsel, and a multinational accounting firm, to assist the Independent Directors in conducting the Review. The Review identified accounting practices that, among other things, incorrectly recorded the total tonnage of finished copper cathode production which resulted in an overstatement of finished product inventories and incorrectly recorded the valuation of copper concentrate included in work in progress inventories, the valuation of ore in stockpile inventories and the amounts of property, plant and

equipment during 2016, 2015 and prior periods, which practices were not appropriate and required adjustment.

The restatement adjustments related to the following items and are described below and in the tables attached as Schedule "A" to this press release:

- Receivables;
- Inventories;
- Property, plant and equipment;
- Non-current inventories;
- Deferred income tax assets;
- Amended loan facilities - related parties;
- Accounts payable and accrued liabilities;
- Accumulated deficit;
- Non-controlling interests;
- Loss and comprehensive loss;
- Cost of sales;
- Operating expenses;
- Depreciation; and
- Income tax.

*   *   *

**RESTATEMENT**

As noted above, as a result of the Review, the Board is restating the following documents (collectively, the "Restated Filings"):

a) audited restated consolidated financial statements for the years ended December 31, 2016 and 2015, and the audited restated consolidated statement of financial position as at January 1, 2015, together with the related notes and audit report; and
b) MD&A for the years ended December 31, 2016 and 2015;
c) unaudited restated interim condensed consolidated financial statements for the three months ended March 31, 2017 and 2016, together with the related notes thereto;
d) MD&A for the three months ended March 31, 2017 and 2016; and
e) executed certifications of the Chief Executive Officer and Chief Financial Officer of the Company in accordance with National Instrument 51-109 – Certification of Disclosure in Issuers' Annual and Interim Filings ("NI 52-109") for the foregoing filings.

The impact of the restatement adjustments on the Company's previously reported consolidated financial statements as at and for the years ended December 31, 2016 and 2015, as well as the impact on the restated consolidated statement of financial position as at January 1, 2015, and the unaudited interim financial

statements for the three months ended March 31, 2017 and 2016 are set forth in Schedule "A".

As disclosed in the Company's August 14, 2017 press release, the Company's previously filed consolidated financial statements for the years ended December 31, 2016, 2015 and 2014 and related MD&A and all interim consolidated financial statements and interim MD&A since December 31, 2014 should not be relied upon.

*   *   *

**INTERNAL CONTROLS OVER FINANCIAL REPORTING**

The Review concluded that the accounting practices that resulted in the restatements described above demonstrated the following material weaknesses in the Company's internal control over financial reporting ("ICFR"):

- Control environment material weaknesses – The control environment is the responsibility of senior management, sets the tone of the organization, influences the control consciousness of its employees, and is the foundation of the other components of ICFR. The Company has concluded that it did not adequately establish and enforce a strong culture of compliance and controls which includes the adherence to policies, procedures and controls necessary to present financial statements in accordance with IFRS.
- Management override material weakness – The Company did not maintain effective controls to prevent or detect the circumvention or override of controls. Certain of the accounting adjustments identified in the Review are a result of senior management and executive directors in office at that time overriding the Company's control processes.
- Monitoring material weaknesses – Monitoring ensures that the entire system of internal control is monitored continuously and problems are addressed timely. The Company has determined that certain of the accounting adjustments identified in the Review were not identified earlier due to inadequate monitoring controls, including inadequate controls and procedures to properly quantify and verify the value of in-process concentrate inventories, inadequate controls with respect to quarter-end and year-end sales cut-off procedures, insufficient involvement of internal audit in the testing of the accuracy of external financial reporting and inadequate procedures to ensure the effective implementation of internal audit recommendations on high risk areas, particularly with respect to metal accounting.

20.     On this news, shares of the Company fell $0.23 per share or over 23% over three trading days to close at $0.75 per share on November 22, 2017, damaging investors.

21. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

22. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired the publicly traded securities of Katanga during the Class Period (the "Class") and were damaged upon the revelation of the alleged corrective disclosure. Excluded from the Class are Defendants herein, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

23. The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, the Company's securities were actively traded on the OTC. While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class. Record owners and other members of the Class may be identified from records maintained by the Company or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

24. Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

25. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

26. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

(a) whether Defendants' acts as alleged violated the federal securities laws;

(b) whether Defendants' statements to the investing public during the Class Period misrepresented material facts about the financial condition, business, operations, and management of the Company;

(c) whether Defendants' statements to the investing public during the Class Period omitted material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading;

(d) whether the Individual Defendants caused the Company to issue false and misleading SEC filings and public statements during the Class Period;

(e) whether Defendants acted knowingly or recklessly in issuing false and misleading SEC filings and public statements during the Class Period;

(f) whether the prices of the Company's securities during the Class Period were artificially inflated because of the Defendants' conduct complained of herein; and

(g) whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

27. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as

the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

28. Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

(a) Defendants made public misrepresentations or failed to disclose material facts during the Class Period;

(b) the omissions and misrepresentations were material;

(c) the Company's securities are traded in efficient markets;

(d) the Company's securities were liquid and traded with moderate to heavy volume during the Class Period;

(e) the Company traded on the OTC, and was covered by multiple analysts;

(f) the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's securities; Plaintiff and members of the Class purchased and/or sold the Company's securities between the time the Defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed, without knowledge of the omitted or misrepresented facts; and

(g) Unexpected material news about the Company was rapidly reflected in and incorporated into the Company's stock price during the Class Period.

29. Based upon the foregoing, Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

30. Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128, 92 S. Ct. 2430 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information, as detailed above.

## COUNT I

### Violation of Section 10(b) of The Exchange Act and Rule 10b-5
### Against All Defendants

31. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

32. This Count is asserted against the Company and the Individual Defendants and is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

33. During the Class Period, the Company and the Individual Defendants, individually and in concert, directly or indirectly, disseminated or approved the false statements specified above, which they knew or deliberately disregarded were misleading in that they contained misrepresentations and failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

34. The Company and the Individual Defendants violated §10(b) of the 1934 Act and Rule 10b-5 in that they: employed devices, schemes and artifices to defraud; made untrue statements of material facts or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and/or engaged in acts, practices and a course of business that operated as a fraud or deceit upon

plaintiff and others similarly situated in connection with their purchases of the Company's securities during the Class Period.

35. The Company and the Individual Defendants acted with scienter in that they knew that the public documents and statements issued or disseminated in the name of the Company were materially false and misleading; knew that such statements or documents would be issued or disseminated to the investing public; and knowingly and substantially participated, or acquiesced in the issuance or dissemination of such statements or documents as primary violations of the securities laws. These defendants by virtue of their receipt of information reflecting the true facts of the Company, their control over, and/or receipt and/or modification of the Company's allegedly materially misleading statements, and/or their associations with the Company which made them privy to confidential proprietary information concerning the Company, participated in the fraudulent scheme alleged herein.

36. Individual Defendants, who are the senior officers and/or directors of the Company, had actual knowledge of the material omissions and/or the falsity of the material statements set forth above, and intended to deceive Plaintiff and the other members of the Class, or, in the alternative, acted with reckless disregard for the truth when they failed to ascertain and disclose the true facts in the statements made by them or other personnel of the Company to members of the investing public, including Plaintiff and the Class.

37. As a result of the foregoing, the market price of the Company's securities was artificially inflated during the Class Period. In ignorance of the falsity of the Company's and the Individual Defendants' statements, Plaintiff and the other members of the Class relied on the statements described above and/or the integrity of the market price of the Company's securities during the Class Period in purchasing the Company's securities at prices that were artificially

inflated as a result of the Company's and the Individual Defendants' false and misleading statements.

38. Had Plaintiff and the other members of the Class been aware that the market price of the Company's securities had been artificially and falsely inflated by the Company's and the Individual Defendants' misleading statements and by the material adverse information which the Company's and the Individual Defendants did not disclose, they would not have purchased the Company's securities at the artificially inflated prices that they did, or at all.

39. As a result of the wrongful conduct alleged herein, Plaintiff and other members of the Class have suffered damages in an amount to be established at trial.

40. By reason of the foregoing, the Company and the Individual Defendants have violated Section 10(b) of the 1934 Act and Rule 10b-5 promulgated thereunder and are liable to the Plaintiff and the other members of the Class for substantial damages which they suffered in connection with their purchases of the Company's securities during the Class Period.

## COUNT II

**Violation of Section 20(a) of The Exchange Act**
**Against The Individual Defendants**

41. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

42. During the Class Period, the Individual Defendants participated in the operation and management of the Company, and conducted and participated, directly and indirectly, in the conduct of the Company's business affairs. Because of their senior positions, they knew the adverse non-public information regarding the Company's business practices.

43. As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to the

Company's financial condition and results of operations, and to correct promptly any public statements issued by the Company which had become materially false or misleading.

44. Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings which the Company disseminated in the marketplace during the Class Period. Throughout the Class Period, the Individual Defendants exercised their power and authority to cause the Company to engage in the wrongful acts complained of herein. The Individual Defendants therefore, were "controlling persons" of the Company within the meaning of Section 20(a) of the Exchange Act. In this capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of the Company's securities.

45. Each of the Individual Defendants, therefore, acted as a controlling person of the Company. By reason of their senior management positions and/or being directors of the Company, each of the Individual Defendants had the power to direct the actions of, and exercised the same to cause, the Company to engage in the unlawful acts and conduct complained of herein. Each of the Individual Defendants exercised control over the general operations of the Company and possessed the power to control the specific activities which comprise the primary violations about which Plaintiff and the other members of the Class complain.

46. By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by the Company.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

A.     Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as the Class representative;

B.     Requiring Defendants to pay damages sustained by Plaintiff and the Class by reason of the acts and transactions alleged herein;

C.     Awarding Plaintiff and the other members of the Class prejudgment and post-judgment interest, as well as their reasonable attorneys' fees, expert fees and other costs; and

D.     Awarding such other and further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury.

Dated: November 29, 2017                Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

By: /s/ Laurence M. Rosen
Laurence M. Rosen
609 W. South Orange Avenue, Suite 2P
South Orange, NJ 07079
Tel: (973) 313-1887
Fax: (973) 833-0399
Email: lrosen@rosenlegal.com

Counsel for Plaintiff