## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHARLES DAVIS, BART PANESSA, and JEFF NIEMEIER, Individually and On Behalf of All Others Similarly Situated, | Case No. 2:17-cv-12188-CCC-JBC |
| Plaintiff, | CLASS ACTION |
| v. | |
| KATANGA MINING LIMITED, JOHNNY BLIZZARD, JACQUES LUBBE, MATTHEW COLWILL, ARISTOTELIS MISTAKIDIS, LIAM GALLAGHER, TIM HENDERSON, IVAN GLASENBERG, AND GLENCORE PLC, | |
| Defendants. | |

### ORDER AND JUDGMENT

On the 25th day of June, 2021 a hearing having been held before this Court to determine:

(1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated March 5, 2021 (the "Stipulation"), as modified by the Amendment to Stipulation and Agreement ("Amendment") dated as of June 15, 2021 (the "Amendment") are fair, reasonable and adequate for the settlement of all claims asserted by the Settlement Class against Defendants (as defined in the Stipulation), including the release of the Released Claims against the Releasees, and should be approved; (2) whether judgment should be entered dismissing the Action with prejudice; (3) whether to approve the proposed Plan of Allocation as a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members; (4) whether and in what amount to award Lead Counsel fees and reimbursement of expenses; and (5) whether and in what amount to award Plaintiffs as incentive fees; and

The Court having considered all matters submitted to it at the hearing and otherwise; and

It appearing in the record that the Notice substantially in the form approved by the Court in the Court's Order Granting Motion for Preliminary Approval of Class Action Settlement, dated March 16, 2021 ("Preliminary Approval Order") was mailed to all reasonably identifiable Settlement Class Members and posted to the website of the Claims Administrator, both in accordance with the Preliminary Approval Order and the specifications of the Court; and

It appearing in the record that the Summary Notice substantially in the form approved by the Court in the Preliminary Approval Order was published and emailed to identifiable Settlement Class Members when an email address was provided to the Claims Administrator in accordance with the Preliminary Approval Order and the specifications of the Court; and

It appearing in the record that the Summary Notice substantially in the form approved by the Court in the Preliminary Approval Order was published electronically once on the *GlobeNewswire* and in print once in the *Investor's Business Daily*;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.      This Order and Judgment incorporates by reference the definitions in the Stipulation, as modified by the Amendment, and all capitalized terms used and not otherwise defined herein shall have the same meanings as set forth therein.

2.      The Court has jurisdiction over the subject matter of the Action, Plaintiffs, all Settlement Class Members, and, for settlement purposes only, Defendants.

3.      The Court finds that, for settlement purposes only, the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that:

(a)  the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable;

(b)  there are questions of law and fact common to the Settlement Class;

(c)  the claims of the Plaintiffs are typical of the claims of the Settlement Class he seeks to represent;

(d)  Plaintiffs and Lead Counsel fairly and adequately represent the interests of the Settlement Class;

(e)  questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and

(f)  a class action is superior to other available methods for the fair and efficient adjudication of this Action, considering:

i. the interests of the Settlement Class Members in individually controlling the prosecution of the separate actions;  ii. the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members; iii. the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and iv. the difficulties likely to be encountered in the management of the class action.

The Settlement Class is being certified for settlement purposes only.

4.     The Court hereby finally certifies this action as a class action for purposes of the Settlement, pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of all persons or entities who purchased or otherwise acquired the publicly traded securities of Katanga on or through the U.S. OTC Markets from February 11, 2016, through November 7, 2019, both dates inclusive. Excluded from the Settlement Class are: the current and former defendants in

the Action; the officers and directors of Katanga; members of their immediate families and their legal representatives, heirs, successors or assigns; and any entity in which defendants have or had a controlling interest.

5.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, for the purposes of this Settlement only, Plaintiffs are certified as the class representatives on behalf of the Settlement Class ("Class Representatives") and Lead Counsel previously selected by Plaintiffs and appointed by the Court is hereby appointed as Class Counsel for the Settlement Class ("Class Counsel").

6.     In accordance with the Court's Preliminary Approval Order, the Court hereby finds that the forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all persons and entities entitled to such notice. No Settlement Class Member is relieved from the terms and conditions of the Settlement, including the releases provided for in the Stipulation, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged.  Thus, it is hereby determined that all Settlement Class Members are bound by this Order and Judgment.

7.     The Settlement is approved as fair, reasonable, and adequate under Rule 23 of the Federal Rules of Civil Procedure. This Court further finds that the Settlement set forth in the Stipulation is the result of good faith, arm's-length negotiations between experienced counsel

representing the interests of Class Representatives, Settlement Class Members, and Defendants. The Parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

8.      The Action and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice as against Releasees. The Parties are to bear their own costs, except as otherwise provided in the Stipulation.

9.      The Releasing Parties, on behalf of themselves, their successors and assigns, and any other Person claiming (now or in the future) through or on behalf of them, regardless of whether any such Releasing Party ever seeks or obtains by any means, including without limitation by submitting a Proof of Claim and Release Form, any disbursement from the Settlement Fund, shall be deemed to have, and by operation of this Order and Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Releasees. The Releasing Parties shall be deemed to have, and by operation of this Order and Judgment shall have, covenanted not to sue the Releasees with respect to any and all Released Claims in any forum and in any capacity. The Releasing Parties shall be and hereby are permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Released Claim, in any capacity, against any of the Releasees, including Defendants' Counsel. Nothing contained herein shall, however, bar the Releasing Parties from bringing any action or claim to enforce the terms of the Stipulation or this Order and Judgment, or any claim asserted in the Statement of Claim filed January 21, 2021, in the matter of *Cheng v. Glencore plc, et al.,* Supreme Court of Yukon, File No. 20-A0119.

10.     Defendants shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged Class Representatives, Class

Counsel, and each of their respective business entities, affiliates, members, officers, employees, agents, heirs, executors, administrators, predecessors, trustees, executors, administrators, successors, assigns, assignees and related persons (all of the foregoing in their capacities as such), and the Settlement Class Members from all Claims, whether known or unknown, which arise out of, concern or relate to the institution, prosecution, settlement or dismissal of the Actions (the "Defendants' Released Claims"), and shall be permanently enjoined from prosecuting the Defendants' Released Claims against Class Representatives, Class Counsel, and each of their respective business entities, affiliates, members, officers, employees, agents, heirs, executors, administrators, predecessors, trustees, executors, administrators, successors, assigns, assignees and related persons (all of the foregoing in their capacities as such), and the Settlement Class Members. Nothing contained herein shall, however, bar the Defendants from bringing any action or claim to enforce the terms of the Stipulation or this Order and Judgment.

11.     To the fullest extent permitted by law, all Persons shall be permanently enjoined, barred and restrained from bringing, commencing, prosecuting or asserting any claims, actions, or causes of action for contribution, indemnity or otherwise against any of the Releasees seeking as damages or otherwise the recovery of all or any part of any liability, judgment or settlement that they pay or are obligated to pay or agree to pay to the Settlement Class or any Settlement Class Member arising out of, relating to or concerning such Persons' participation in any acts, facts, statements or omissions that were or could have been alleged in the Actions, whether arising under state, federal or foreign law as claims, cross-claims, counterclaims, third-party claims or otherwise, in the Court or any other federal, state, or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal, or any other proceeding or forum. Further, nothing in the Stipulation or this Order and Judgment shall apply to bar or otherwise affect any claim for insurance coverage by any Defendant.

12.     The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members, and Class Counsel and the Claims Administrator are directed to administer the Plan of Allocation in accordance with its terms and the terms of the Stipulation.

13.     The Court finds that the Parties and their counsel have complied with all requirements of Rule 11 of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995 as to all proceedings herein.

14.     Neither this Order and Judgment, the Stipulation (nor the Settlement contained therein), nor any of its terms and provisions, nor any of the negotiations, documents or proceedings connected with them:

(a)     is or may be deemed to be, or may be used as an admission, concession, or evidence of, the validity or invalidity of any Released Claims, the truth or falsity of any fact alleged by Class Representatives the sufficiency or deficiency of any defense that has been or could have been asserted in the Actions, or of any wrongdoing, liability, negligence or fault of Defendants, the Releasees, or each or any of them;

(b)     is or may be deemed to be or may be used as an admission of, or evidence of, any fault or misrepresentation or omission with respect to any statement or written document attributed to, approved or made by Releasees in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal;

(c)     is or may be deemed to be or shall be used, offered or received against the Parties, Defendants or the Releasees, or each or any of them, as an admission, concession or evidence of the validity or invalidity of the Released Claims, the infirmity or strength of any claim raised in the Actions, the truth or falsity of any fact alleged by Class

Representatives, the Settlement Class, or the availability or lack of availability of meritorious defenses to the claims raised in the Actions;

(d)      is or may be deemed to be or shall be construed as or received in evidence as an admission or concession against Defendants, or the Releasees, or each or any of them, that any of Class Representatives' or Settlement Class Members' claims are with or without merit, that a litigation class should or should not be certified, that damages recoverable in the Actions would have been greater or less than the Settlement Fund or that the consideration to be given pursuant to the Stipulation represents an amount equal to, less than or greater than the amount that could have or would have been recovered after trial.

15.      The Releasees may file the Stipulation and/or this Order and Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim. The Parties may file the Stipulation and/or this Order and Judgment in any proceedings that may be necessary to consummate or enforce the Stipulation, the Settlement, or this Order and Judgment.

16.      Except as otherwise provided herein or in the Stipulation, all funds held by the Escrow Agent shall be deemed to be in *custodia legis* and shall remain subject to the jurisdiction of the Court until such time as the funds are distributed or returned pursuant to the Stipulation and/or further order of the Court.

17.      Without affecting the finality of this Order and Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over the Parties and the Settlement Class Members for all matters relating to the Settlement, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Judgment, and including any application for

fees and expenses incurred in connection with administering and distributing the Settlement proceeds to the Settlement Class Members.

18.    Without further order of the Court, Defendants and Class Representatives may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

19.    There is no just reason for delay in the entry of this Order and Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

20.    The finality of this Order and Judgment shall not be affected, in any manner, by rulings that the Court may make on Class Counsel's application for an award of attorneys' fees and expenses to Class Counsel or award to Class Representatives.

21.    In the event the Settlement is not consummated in accordance with the terms of the Stipulation, then the Stipulation and this Order and Judgment (including any amendment(s) thereof, and except as expressly provided in the Stipulation or by order of the Court) shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any action or proceeding by any Person against the Parties or the Releasees, and each Party shall be restored to his, her or its respective litigation positions as they existed prior to March 5, 2021 pursuant to the terms of the Stipulation.

Dated: June 25, 2021

_____
HON. CLAIRE C. CECCHI
UNITED STATES DISTRICT JUDGE